**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>REAL PROPERTY LOCATED AT 8 DRIFT STREET, NEW BRUNSWICK, NEW JERSEY, et al.,<br><br>          Defendants in rem. | Civil Action No. 14-3587 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Claimants Gengwu Qiu and 52 BD, Inc.'s ("Claimants") motion to compel discovery from Plaintiff United States of America (the "United States") pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. (ECF No. 28.) The United States opposes the motion as premature. (ECF No. 32.) The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1.

This is a civil action *in rem* for the forfeiture of the defendants' assets pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C). (Compl. ¶ 1, ECF No. 1.) The United States seeks forfeiture of certain real property and currency from three bank accounts, which allegedly are proceeds from the transportation, transmittal, or transfer of money from China to the United States by Gengmin Qui that he knew was stolen, converted or taken by fraud in violation of 18 U.S.C. § 2314. Claimants filed verified claims in the instant matter and assert an interest in the currency seized. On August 1, 2014, Claimants served discovery requests on the United States pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. On September 23, 2014, the United States

served special interrogatories on Claimant Gengwu Qui pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), and Claimant provided responses on October 27, 2014.

Claimants assert that the United States has produced a large number of documents to date but has not responded to their interrogatories or provided written responses to their request for production of documents. Claimants now move, pursuant to Rule 37, to compel the United States to respond to their discovery requests. Subsequent to Claimants' filing the motion *sub judice*, the United States filed a motion to strike the Claimants' claims for lack of standing. The United States now argues that the Claimants' motion is premature because Claimants' standing has not been established. The Court agrees.

Civil asset forfeiture proceedings are governed by two sets of procedural rules: the Supplemental Rules and the Federal Rules of Civil Procedure. *See United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 149 (3d Cir. 2003). "The balance between the two is struck in favor of the Supplemental Rules, which always apply to civil forfeiture proceedings." *Id.* The Supplemental Rules allow the United States to serve special interrogatories on a claimant to gather information regarding a claimant's standing to assert a claim in a civil forfeiture action. *See* Supp. R. G(6); *see also* Supp. R. G(6), (8)(c) advisory committee's notes. Interrogatories under Rule 33 are also permitted in a civil forfeiture proceeding. *See* Supp. R. G(6) advisory committee note.

Pursuant to Rule 37, a party propounding discovery may seek an order compelling responses when an opposing party has failed to respond or has provided incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "A party moving to compel bears the initial burden of showing the relevance of the requested information." *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Standing, however, is a threshold issue and courts must determine standing before

addressing any other issue. *See, e.g. United States v. $263,327.95*, 936 F. Supp. 2d 468, 471 (D.N.J. 2013); *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 644 (9th Cir. 2012). A "court must determine whether the claimant has standing to contest the forfeiture, before [it] addresses any other issue that the claimant may raise." *United States v. $104,250.00 in U.S. Currency*, 947 F. Supp. 2d 560, 565 (D. Md. 2013). Accordingly, Claimants' motion to compel discovery is premature as there is a pending motion relating to Claimants' standing. If the Court determines that Claimants have standing, they may then move to compel discovery.

For the reasons set forth above, and other good cause shown,

IT IS on this 20th day of April 2015, **ORDERED** that Claimants' Motion to Compel Discovery (ECF No. 28) is **DENIED** without prejudice.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**